FILED

FEB - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

RLI INSURANCE COMPANY,                    )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )
                                          )
CONSECO, INC., *ET AL.*,                  )
                                          )
        Defendants.                       )
_____  )

CASE NUMBER  1:07MS00060

JUDGE: Ricardo M. Urbina

DECK TYPE: Miscellaneous

DATE STAMP: 02/08/2007

## MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER TO PREVENT THE DEPOSITION OF ROBERT ECCLES, ESQ

        Now comes Defendant Conseco, Inc., ("Conseco"), through its attorneys, and respectfully moves the Court, pursuant to Federal Rules of Civil Procedure 26(c) and 45, for an order quashing the subpoena served on Robert Eccles, Esq., or in the alternative, for a protective order to prevent RLI Insurance Company ("RLI") from taking the deposition of Robert Eccles. In support of this motion, Conseco respectfully state as follows:

        1.      On February 1, 2007, RLI served a subpoena for deposition on Robert Eccles.

        2.      RLI's attempt to depose Mr. Eccles is improper as it violates the discovery deadlines in this matter and likely seeks to discover information protected by the attorney-client privilege and the attorney work product doctrine.  Accordingly this Court should either quash RLI's subpoena or enter a protective order preventing RLI from deposing Mr. Eccles.

        3.      Conseco has simultaneously filed a Memorandum of Law and the Declaration of Michael S. Shapiro in support of this motion which is herby incorporated as part of this motion.

RECEIVED

FEB - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CHIC1 1398953.1

WHEREFORE, Conseco respectfully requests this Court enter an order quashing the subpoena to Mr. Eccles or, in the alternative, enter a protective order preventing RLI from taking Mr. Eccles' deposition.

Date:  February 8, 2007

Respectfully submitted,

Paul R. Monsees
D.C. Bar No. 367138
FOLEY & LARDNER LLP
3000 K Street NW, Suite 500
Washington, D.C. 20007
Tel:  (202) 672-5300
Fax:  (202) 672-5399


Christopher J. Heck
Marisa J. Ippolito
FOLEY & LARDNER LLP
2029 Century Park East
Los Angeles, CA 90067
Tel:  (310) 975-7766
Fax:  (310) 557-8475

Attorneys for Conseco Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| RLI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Relating to |
| v. | ) No. 1:04-CV-00310 LJM-WTL, |
| | ) Pending in the United States District |
| CONSECO, INC., *ET AL.*, | ) Court for the Southern District of |
| | ) Indiana |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO**
**QUASH OR, IN THE ALTERNATIVE, FOR A PROTECTIVE**
**ORDER TO PREVENT THE DEPOSITION OF ROBERT ECCLES, ESQ.**

As background for the Court, the case this motion relates to, *RLI Insurance Co. v. Conseco Inc., et al.*, No. 1:04-CV-00310 LJM-WTL, is currently pending in the Southern District of Indiana. RLI is an insurance company that issued a primary-layer fiduciary liability insurance policy to Conseco, which contained a duty to defend and a duty to indemnify. RLI sued Conseco, seeking a declaratory judgment of no coverage and reimbursement for the small portion of defense costs it reimbursed Conseco for Conseco's defense of an underlying ERISA case, *Russell v. Conseco Inc., et al.*, No. 1:02-CV-1639LJM ("*Russell*"). Conseco counterclaimed against RLI for, *inter alia*, breach of its duty to defend Russell, breach of its duty to indemnify Russell, and for bad faith.

Pursuant to the scheduling order in this case, as subsequently amended by the agreement of the parties (orders collectively attached as Ex. A to the Declaration of Michael Shapiro in support of this motion ("Shapiro Declaration"), filed contemporaneously with this memorandum), non-expert witness discovery and discovery relating to liability issues was to be completed by November 30, 2006 and discovery regarding expert witnesses and relating to





damages was to be completed by January 31, 2007. Subsequently, the Court entered an order extending the deadline for the completion of expert discovery only until February 12, 2007, (Shapiro Declaration Ex. B). Trial is set for this case on April 2, 2007.

District Courts are entitled to set reasonable limits on the time in which to complete discovery. *See e.g., Otero v. Buslee*, 695 F.2d 1244, 1247-48 (10th Cir. 1982) (discovery deadlines are consistent with the rule that "a party may be too late in seeking to take depositions") (quotation omitted). So long as the time allotted for discovery is reasonable, a court may quash a subpoena or issue a protective order preventing a litigant from seeking new discovery after the time for discovery has closed. *Id.; see also Montross v. United Parcel Serv. of Am.*, 73 Fed. Appx. 757 (5th Cir. 2003) (same). "In the absence of an extension of [a discovery] deadline, a party generally may not proceed with discovery over the objection of the opposing party." *Scherer v. GE Capital Corp.*, 185 F.R.D. 351, 352 (D. Kan. 1999) (quashing subpoena served after the closure of discovery pursuant to court-ordered deadline).

Despite knowing of the discovery deadlines in this case and without seeking leave of court, on February 1, 2007, RLI served a subpoena for deposition on Robert Eccles in the District of Columbia, commanding Mr. Eccles to appear to have his deposition taken there on February 12, 2007, (Shapiro Declaration Ex. C). RLI did not serve Conseco with a notice of Mr. Eccles' deposition, along with a copy of the subpoena to him, for *5 days*, or until February 6, 2007. *Id*.

Mr. Eccles has not been disclosed as an expert witness by any party in this case; rather, Mr. Eccles is a former counsel for Conseco in the underlying *Russell* litigation. The subpoena to Mr. Eccles was served long after the cutoff for discovery relating to liability issues

2

and also after the cutoff for damages discovery.  Thus, RLI is not entitled to take the deposition of Mr. Eccles.

Counsel for Conseco conferred with counsel for RLI by telephone on February 7, 2007, regarding RLI's subpoena and notice of Mr. Eccles' deposition.  RLI's counsel indicated that while RLI acknowledges Mr. Eccles has not been disclosed as an expert in this case, RLI intends to question Mr. Eccles on subjects "related" to expert testimony.  Specifically, RLI's counsel indicated RLI might question Mr. Eccles regarding portions of the report prepared by Conseco's expert in this matter.  (Shapiro Declaration ¶ 5).

Counsel for Conseco informed RLI's counsel that Conseco does not believe Mr. Eccles' has any testimony to offer either as an expert or in any way related to expert testimony in this case.  (Shapiro Declaration ¶ 6).  It is undisputed that Mr. Eccles was never disclosed as an expert by any party in this litigation; therefore, he should not be asked for his opinion regarding the conclusions reached by disclosed experts in this case.  Moreover, to the extent RLI seeks to question Mr. Eccles regarding the basis for an expert's opinion, such questioning pertains solely to percipient factual information.  Asking questions regarding facts that concern liability and that might form the basis for an expert's opinion is completely different from "expert" discovery.  As noted above, the time to discover such information has long since passed.

RLI's late subpoena to Mr. Eccles is even more egregious given that RLI and its counsel could have subpoenaed Mr. Eccles at any point during this litigation.  Mr. Eccles is not some newly disclosed or discovered witness; rather, it is undisputed that RLI knew of Mr. Eccles well before the current suit was filed.  Indeed, Mr. Eccles was disclosed by RLI itself as a percipient witness in RLI's initial Rule 26 disclosures served on March 30, 2006.  (Shapiro Declaration Ex. D).

Moreover, even if the deadline for taking Mr. Eccles deposition had not passed, the timing of the subpoena and deposition notice impose an unreasonable burden on Conseco and its counsel. Despite the fact that the subpoena was served on Mr. Eccles' secretary on February 1, 2007, RLI did not send a copy of the subpoena or the deposition notice to Conseco's counsel for 5 days, until the afternoon of February 6, 2007 – only 6 days before the deposition is scheduled to take place. The deposition is set to be taken in the District of Columbia. (Shapiro Declaration Ex. C). This is a major inconvenience given that none of the counsel for defendants in this case are located in the District of Columbia, and they would have to travel to Mr. Eccles' deposition on very short notice. Such an inconvenience is unjustifiable in that RLI knew of Mr. Eccles from the start of this litigation and could have taken his deposition at any time as opposed to after the close of discovery with less than a week's notice to opposing counsel.

Finally, as noted above, Mr. Eccles previously served as counsel to Conseco in the underlying *Russell* Litigation. Thus, it seems likely that RLI will seek information form Mr. Eccles that is protected by the attorney-client privilege and/or the attorney work product doctrine. RLI has failed to specify what information it will seek, why it is necessary, and why it is not privileged. Where a deposition may seek privileged information, a court can inquire as to the subjects of the deposition ahead of time and issue a protective order, when required, to prevent the disclosure of confidential or privileged material. *See Doe v. Dist. Of Columbia*, 230 F.R.D. 47, 50 (D.D.C. 2005). This problem is compounded by the extremely short notice given before the deposition, leaving Conseco very little time to ascertain what privilege issues may exist before the deposition is scheduled to take place.

Counsel for Conseco conferred with counsel for RLI regarding Conseco's objections to Mr. Eccles deposition on February 7, 2007. Despite both parties' best efforts, RLI

4

and Conseco were unable to reach an agreement concerning the appropriateness of RLI deposing

Mr. Eccles. (Shapiro Declaration ¶ 7).

        For the reasons set forth above, Conseco respectfully requests this Court enter an

order quashing the subpoena served on Mr. Eccles or, alternatively, that the Court issue a

protective order preventing RLI from taking Mr. Eccles' deposition.

Date:  February 8, 2007

Respectfully submitted,

Paul R. Monsees
D.C. Bar No. 367138
FOLEY & LARDNER LLP
3000 K Street NW, Suite 500
Washington, D.C. 20007
Tel:  (202) 672-5300
Fax:  (202) 672-5399


Christopher J. Heck
Marisa J. Ippolito
FOLEY & LARDNER LLP
2029 Century Park East
Los Angeles, CA 90067
Tel:  (310) 975-7766
Fax:  (310) 557-8475

Attorneys for Conseco Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

RLI INSURANCE COMPANY,          )
                                   )

       Plaintiff,            )
                                   ) Relating to

   v.                  ) No. 1:04-CV-00310 LJM-WTL,
                                   ) Pending in the United States District

CONSECO, INC., *ET AL.*,       ) Court for the Southern District of
                                   ) Indiana
                                   )

       Defendants.       )
                                   )

## DECLARATION OF MICHAEL S. SHAPIRO IN SUPPORT OF CONSECO INC.'S MOTION TO QUASH OR, IN THE ALTERNATIVE FOR A PROTECTIVE ORDER

I, Michael S. Shapiro, declare as follows:

1.     I am an attorney at Foley & Lardner LLP, counsel for Conseco in this matter. I have personal knowledge of the matters set forth in this declaration, and I could testify competently to them if called upon to do so.

2.     Attached hereto as Exhibit A is a true, correct, and complete copy of an order entered by Magistrate Judge William T. Lawrence of the United States District Court for the Southern District of Indiana on February 22, 2006. That order was subsequently amended on two separate occasions in orders entered by Magistrate Judge Lawrence on September 29, 2006 and November 1, 2006, true, correct, and complete copies of which are also included in Exhibit A.

3.     Attached hereto as Exhibit B is a true, correct, and complete copy of an order entered by Magistrate Judge William T. Lawrence of the United States District Court for the Southern District of Indiana on December 26, 2006.

CHIC_1398927.1



4.    Attached hereto as Exhibit C is a true, correct, and complete copy of a facsimile from counsel for RLI Insurance Co. sent to counsel for Conseco on February 6, 2007, containing a cover letter, a notice for the deposition of Robert Eccles, and a copy of the subpoena served on Mr. Eccles's secretary.

5.    I conferred with counsel for RLI, Gary Berdeen, by telephone on February 7, 2007, regarding RLI's subpoena and notice of Mr. Eccles' deposition.  RLI's counsel indicated that while RLI acknowledges Mr. Eccles has not been disclosed as an expert in this case, RLI intends to question Mr. Eccles on subjects "related" to expert testimony.  RLI's counsel indicated RLI might question Mr. Eccles regarding portions of the report prepared by Conseco's expert in this matter.

6.    During our conversation, I informed RLI's counsel that Conseco does not believe Mr. Eccles has any testimony to offer either as an expert or in any way related to expert testimony in this case.  RLI's counsel disagreed.

7.    Despite both parties' best efforts, RLI and Conseco were unable to reach an agreement concerning the appropriateness of RLI deposing Mr. Eccles.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Michael S. Shapiro

2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:04-CV-310-LJM-WTL |
| | ) | |
| CONSECO, INC., CONSECO | ) | |
| SERVICES LLC, STEPHEN C. | ) | |
| HILBERT, ROLLIN M. DICK, | ) | |
| GARY C. WENDT, WILLIAM J. | ) | |
| SHEA, CHARLES B. CHOKEL, | ) | |
| RICHARD H. KREMER, | ) | |
| ELIZABETH C. | ) | |
| GEORGAKOPOULOS, DAVID | ) | |
| K. HERZOG, THOMAS J. KILIAN, | ) | |
| DONALD F. GONGAWARE, | ) | |
| M. PHIL HATHAWAY, JOHN M. | ) | |
| MUTZ, ROBERT S. NICKOLOFF, | ) | |
| DENNIS E. MURRAY, SR., NGAIRE | ) | |
| E. CUNEO, JAMES D. MASSEY, and | ) | |
| DAVID V. HARKINS | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER

After considering the Join Motion To Amend Case Management Plan, IT IS HEREBY

ORDERED, ADJUDGED AND DECREED THAT the Motion is granted, and the Case

Management Plan is hereby amended as follows:

I.     Parties and Representatives

    A.     Parties

    Plaintiff:     RLI Insurance Company

074360

FILED

FEB - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT

A

ALL-STATE LEGAL SUPPLY CO.

Defendants:   Conseco, Inc., Conseco Services, LLC, Stephen Hilbert, Rollin M. Dick,
Gary C. Wendt, William J. Shea, Charles B. Chokel, Thomas J. Kilian,
Richard H. Kremer, Elizabeth C. Georgakopoulos, David K. Herzog,
Donald F. Gongaware, M. Phil Hathaway, John M. Mutz, Robert S.
Nickoloff, Dennis E. Murray, Sr., Ngaire E. Cuneo, James D. Massey, and
David V. Harkins

B.    Representatives

Plaintiff's Counsel:

James W. Riley, Jr.                     John. J. Rasmussen
Kevin N. Tharp                          Gary W. Berdeen
Riley Bennett & Egloff, LLP             Morison-Knox Holden
Fourth Floor                            & Prough, LLP
141 East Washington Street              600 East Main Street, Suite 2150
Indianapolis, IN 46204                  Richmond, VA 23219
(317) 636-8000                          (804) 343-7200
(317) 636-8027 Fax                      (804) 343-0913 Fax

William C. Morison-Knox
Morison-Knox Holden
& Prough, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596
(317) 937-9990
(925) 937-3272 Fax

Counsel for Defendants Conseco, Inc., Conseco Services, LLC, Gary C. Wendt, William
J. Shea, Thomas J. Kilian, Richard H. Kremer, Elizabeth C. Georgakopoulos, David K. Herzog,
and Charles B. Chokel:

Jeffrey S. Davidson                     Steven K. Huffer
Martin R. Boles                         Huffer & Weathers, PC
Christopher J. Heck                     151 North Delaware Street, Suite 1850
Glen L. Mastroberte                     Indianapolis, IN 46204
Kirkland & Ellis, LLP                   (317) 822-8010
777 South Figueroa Street               (317) 822-8008 Fax
Suite 3700
Los Angeles, CA 90017
(213) 680-8400
(213) 680-8500 Fax

Counsel for Defendants Stephen Hilbert and Rollin M. Dick:

Daniel P. Byron
Phillip J. Fowler
Bingham McHale, LLP
2700 Market Tower Building
10 West Market Street
Indianapolis, IN 46204
(317) 635-8900
(317) 236-9907 Fax

II.    Synopsis of Case

A.    Brief Statement of Plaintiff's Claims

Plaintiff RLI Insurance Company seeks a declaration that it owes no insurance benefits to defendants in connection with Russell v. Conseco, Inc., U.S.D.C., S.D. Ind. Case No.: 1:02-CV-1639 LJM, an underlying purported class action seeking recovery under ERISA from Conseco, one of its subsidiaries, and several of their current or past officers and directors.

In particular, RLI contends that a mutual agreement and release entered into as part of resolving insurance coverage disputes surrounding a related lawsuit, In re Conseco Securities Litigation, U.S.D.C., S.D. Ind., Case No. IP00-C-0585-Y/S, eliminates any defense or indemnity obligation RLI might otherwise have in connection with the Russell action. That release is an exhibit to RLI's Second Amended Complaint. Moreover, other coverage issues may limit or eliminate any other such obligations. In light of the above, RLI contends it is not liable in connection with Defendants' counterclaims.

RLI further contends that the Russell defendants must reimburse defense fees paid by RLI in connection with defending the Russell action. RLI also contends that the signatories to the RLI Release must indemnify and defend RLI in connection with Russell.

B.    Brief Statement of Defendants' Claims

Defendants/Cross-Complainants Conseco, Inc., Conseco Services LLC, William J. Shea, Gary C. Wendt, Richard H. Kremer, Elizabeth C. Georgakopoulos, David K. Herzog, Thomas J. Kilian, and Charles B. Chokel (collectively, "the Conseco Defendants" or "Conseco") deny Plaintiff RLI Insurance Company's ("RLI") contentions as set forth in "A" above, and deny that RLI is entitled to the declaratory or other relief it seeks. The Conseco Defendants claim that RLI has a duty to defend and indemnify them in connection with the case styled Roderick W. Russell v. Conseco Services LLC et al., No. 1:02 CV-1639 LJM ("the Russell action"), and have counter-claimed against RLI seeking declaratory relief on the defense and indemnity issues, as well as damages for breach of contract for failure to provide a complete defense.

3

Defendants/Cross-Complainants, Stephen C. Hilbert and Rollin M. Dick, deny Plaintiff, RLI Insurance Company's ("RLI") contentions as set forth in "A" above and deny that RLI is entitled to the declaratory or other relief it seeks. Messrs. Hilbert and Dick claim that RLI has a duty to defend and indemnify them in connection with the Russell Action. Further, Messrs. Hilbert and Dick have counterclaimed against RLI seeking declaratory relief on the defense and indemnity issues, as well as damages for breach of contract for failure to provide a complete defense.

III.  Pretrial Pleadings and Disclosures

    A.  The parties shall serve their initial disclosures on or before <u>March 30, 2006</u>.

    B.  Plaintiff shall file preliminary witness and exhibit lists on or before <u>April 28, 2006</u>.

    C.  Defendant shall file preliminary witness and exhibit lists on or before <u>May 29, 2006</u>.

    D.  Plaintiff shall serve Defendants (but not file with the court) a statement of special damages, if any, and make a settlement demand, on or before <u>April 28, 2006</u>. Defendants shall serve on the Plaintiff (but not file) a response thereto within 30 days after receipt of the demand.

        Defendants and Counter-claimants shall serve Plaintiff (but not file with the court) a statement of special damages, if any, and make a settlement demand, on or before <u>May 29, 2006</u>. Plaintiff shall serve on the Defendants and Counter-claimants (but not file) a response thereto within 30 days after receipt of the demand.

    E.  Plaintiff shall disclose the name, address and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before <u>November 30, 2006</u>. However, if Plaintiff uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

        Plaintiff may decide not to use experts other than for rebuttal of Defendants' experts. In that event, Plaintiff's disclosure will be 30 days after Defendants' disclosure.

    F.  Defendants shall disclose the name, address and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before <u>December 31, 2006</u>. However, if Defendant uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

G.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before <u>February 28, 2007</u>. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

H.   All parties shall file and serve their final witness and exhibit lists on or before <u>January 31, 2007</u>.

I.   Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

IV.   <u>Discovery and Dispositive Motions</u>

A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Plaintiff RLI expects to file a motion for summary judgment arguing that--based on the plain, undisputed terms of the mutual release attached as an exhibit to its Second Amended Complaint--RLI owes no duty to defend or indemnify in connection with the underlying <u>Russell</u> action. Likewise, and for at least the same reasons, RLI expects to move for summary judgment on each of the Defendants' counterclaims.

The Conseco Defendants expect to file a motion for summary judgment arguing that as a matter of law, the <u>Russell</u> action gives rise to RLI's duty to defend under the plain, undisputed provisions of the applicable fiduciary liability insurance policy between RLI and Conseco.

Defendants Stephen C. Hilbert and Rollin M. Dick expect to file a motion for summary judgment arguing that as a matter of law, the <u>Russell</u> action gives rise to RLI's duty to defend under the plain, undisputed provisions of the applicable fiduciary liability insurance policy between RLI and Conseco.

B.   Select the track that best suits this case:

Track 2:  Dispositive motions are expected and shall be filed on or before <u>October 31, 2006</u>; non-expert witness discovery and discovery relating to liability issues shall be completed on or before <u>September 30, 2006</u>; expert witness discovery and discovery relating to damages shall be completed on or before <u>January 31, 2007</u>.

     b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:

7.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

8.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

9.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

10.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

V.     Pre-Trial/Settlement Conferences

The parties request a settlement conference.   No decision has been made as to timing and forum of such a conference.

VI.    Trial Date

Trial is set to begin on <u>April 2, 2007</u>.  The trial is <u>by jury</u> (on issues triable by jury, if any) and is anticipated to take <u>7-10 days</u>.

VII.   Referral to Magistrate Judge

At this time, all parties ___do not___ consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial.

VIII.  Required Pre-Trial Preparation

A.     TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:

1.     File a list of witnesses who are expected to be called to testify at trial.

2.     Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.   Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.     Submit all stipulations of facts in writing to the Court. Stipulations  are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.     A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.     brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony   to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

6

IX.    <u>Other Matters</u>

None at this time.

Date: <u>02/22/2006</u>

_William T Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:04-cv-0310-LJM-WTL |
| v. | ) | |
| | ) | |
| CONSECO, INC., *et al* | ) | |

Defendants.

## ORDER GRANTING PLAINTIFF RLI INSURANCE COMPANY'S
## MOTION TO ENLARGE TIME FOR FACT WITNESS DEPOSITIONS

The Court, having held a discussion with all counsel regarding Plaintiff's Motion to

Enlarge Time for Fact Witness Depositions, and listening to the arguments of counsel,

hereby grants RLI's motion as follows:

THE COURT FINDS, DECLARES, AND ORDERS that:

(1)     RLI has shown good cause for the requested enlargement of time;

and

(2)     The time for deposing Robert E. Burkett, Sr., Gregory P. Joseph,

William Shea, Stephen Hilbert, Dennis E. Murray, Jr., John Rasmussen, David

Clark, and Elizabeth McLaughlin, shall be enlarged to October 31, 2006.

IT IS SO ORDERED this ___29th___ day of September, 2006.


_William T. Lawrence_
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Gary Wayne Berdeen
MORISON-KNOX HOLDEN MELENDEZ & PROUGH LLP
gwb@morison-knox.com

Martin Reeves Boles
KIRKLAND & ELLIS LLP
mboles@kirkland.com

Daniel P. Byron
BINGHAM MCHALE
dbyron@binghammchale.com

Jeffrey Scott Davidson
KIRKLAND & ELLIS LLP
jdavidson@kirkland.com

Robert David Eaglesfield III
PRICE WAICUKAUSKI & RILEY
deaglesfield@price-law.com

Phillip J. Fowler
BINGHAM MCHALE LLP
pfowler@binghammchale.com

Joseph M. Graham Jr.
KIRKLAND & ELLIS, LLP
777 South Figueroa Street
Los Angeles, CA 90017

Christopher J. Heck
KIRKLAND & ELLIS LLP
check@kirkland.com

Steven Kenneth Huffer
HUFFER & WEATHERS
steve_huffer@hufferandweathers.com

Jamie Ranah Kendall
PRICE WAICUKAUSKI & RILEY
jkendall@price-law.com

Glen G. Mastroberte
KIRLKAND & ELLIS LLP

2

gmastroberte@kirkland.com

Tamara A.M. McKen
KIRKLAND & ELLIS, LLP
777 South Figueroa Street
Los Angeles, CA 90017

Christopher Allan Moeller
PRICE WAICUKAUSKI & RILEY
cmoeller@price-law.com

James Ransom
KIRKLAND & ELLIS LLP
jransom@kirkland.com

John Janney Rasmussen
MORISON KNOX HOLDEN MELENDEZ & PROUGH
jjr@morison-knox.com

James W. Riley Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com

Rafael A. Sanchez
BINGHAM MCHALE
rsanchez@binghammchale.com

Kevin Thomas Streit
MORISON-KNOX HOLDEN & PROUGH LLP
kts@morison-knox.com

Kevin Nicholas Tharp
RILEY BENNETT & EGLOFF LLP
ktharp@rbelaw.com

Pantea M. Yashar
KIRKLAND & ELLIS LLP
pyashar@kirkland.com

3

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| RLI INSURANCE COMPANY, | ) Case No.: 1:04-CV-00310 LJM-WTL |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| CONSECO, INC., CONSECO | ) |
| SERVICES LLC, STEPHEN C. | ) |
| HILBERT, ROLLIN M. DICK, GARY | ) |
| C. WENDT, WILLIAM J. SHEA, | ) |
| CHARLES B. CHOKEL, RICHARD H. | ) |
| KREMER, ELIZABETH C. | ) |
| GEORGAKOPOULOS, DAVID K. | ) |
| HERZOG, THOMAS J. KILIAN, | ) |
| DONALD F. GONGAWARE, M. PHIL | ) |
| HATHAWAY, JOHN M. MUTZ, | ) |
| ROBERT S. NICKOLOFF, DENNIS E. | ) |
| MURRAY, SR., NGAIRE E. CUNEO, | ) |
| JAMES D. MASSEY, and DAVID V. | ) |
| HARKINS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

After considering the Motion to Extend Time to Take Certain Depositions, it is hereby

ORDERED that the motion is GRANTED and the discovery cut-off date shall be extended to

November 30, 2006 for the limited purpose of taking the deposition of Elizabeth McLaughlin

and completing the deposition of David Clark.

-1-

It is so ORDERED this 1st day of November , 2006.


_William T. Lawrence_
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

## CERTIFICATE OF SERVICE

I certify that on October 31, 2006, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to the following parties by operation of the Court's electronic

filing system and to specific parties in the manner noted below.  Parties may access this filing

through the Court's system:

James W. Riley, Jr.
Kevin N. Tharp
RILEY BENNETT & EGLOFF, LLP
141 East Washington Street, Fourth Floor
Indianapolis, IN  46204

Gary W. Berdeen
MORISON-KNOX HOLDEN
  & PROUGH, LLP
600 East Main Street, Suite 2150
Richmond, VA  23219

Daniel P. Byron, Esq.
Philip J. Fowler
BINGHAM MCHALE, LLP
10 West Market Street, Suite 2700
Indianapolis, IN  46204

Michael D. Prough
MORISON-KNOX HOLDEN
  & PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA  94596

William N. Riley
Jamie R. Kendall
PRICE, WAICUKAUSKI, RILEY &
DEBROTA, LLC
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN  46204

Steven K. Huffer
Scott A. Weathers
HUFFER & WEATHERS, P.C.
151 North Delaware Street, Suite 1850
Indianapolis, IN  46204

/s/ Pantea Yashar
Pantea Yashar
KIRKLAND & ELLIS LLP
777 South Figueroa Street, Suite 3700
Los Angeles, CA  90017
Telephone: (213) 680-8400
Fax: (213) 680-8500
pyashar@kirkland.com

12/27/2006 11:05 FAX 213 680 8500          KIRKLAND&ELLIS LLP                                      ☒002

Case 1:04-cv-00310-LJM-WTL    Document 333    Filed 12/26/2006    Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RLI INSURANCE COMPANY,                    )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )          CAUSE NO. 1:04-CV-310-LJM-WTL
                                          )
CONSECO, INC., et al.,                    )
                                          )
          Defendants.                     )

### ORDER

The Plaintiff and the Defendants, each by their respective counsel, having filed their

Stipulation to Enlargement of Time, and the Court, having considered same and being duly advised

in the premises, now finds the parties Stipulation should be APPROVED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the parties are granted

an enlargement of time up to and including January 12, 2007, within which to file expert disclosures,

and up to and including February 12, 2007, within which to complete expert discovery.

Dated: ___12/26/06___

                                          _William T. Lawrence_
                                          Hon. William T. Lawrence, Magistrate Judge
                                          United States District Court
                                          Southern District of Indiana

07mc60

FILED

FEB - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT

B

ALL-STATE LEGAL SUPPLY CO.

Distribution to:

James W. Riley, Jr.
Kevin N. Tharp
RILEY BENNETT & EGLOFF, LLP
Fourth Floor
141 East Washington Street
Indianapolis, IN 46204

Phillip J. Fowler
Rafael A. Sanchez
BINGHAM MCHALE, LLP
10 West Market Street
Suite 2700
Indianapolis, IN 46204

Jeffrey S. Davidson
Martin R. Boles
Christopher J. Heck
Joseph M. Graham, Jr.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017

William N .Riley
PRICE WAICUKAUSKI RILEY &
DEBROTA
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204

William C. Morison-Knox
MORISON-KNOX HOLDEN
  MELENDEZ & PROUGH, LLP
500 Ygnacio Valley Road
Suite 450
Walnut Creek, CA 94596

Steven K. Huffer
HUFFER & WEATHERS, P.C.
151 North Delaware Street
1850 Market Square Center
Indianapolis, IN 46204

2

# MORISON-KNOX HOLDEN & PROUGH, LLP
**600 East Main Street, Suite 2150**
**Richmond, VA  23219**
**Telephone:  (804) 343-7200**
**Facsimile:  (804) 343-0913**

Michael D. Stokes
(1960-1996)

## FACSIMILE TRANSMITTAL SHEET

Date:_____    February 6, 2007

## PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| Name | Telephone No. | Facsimile No. |
|------|---------------|---------------|
| Christopher Heck, Esq. |  | 310-557-8475 |
| Daniel P. Byron, Esq. |  | (317) 236-9907 |
| William N. Riley, Esq. |  | (317) 633-8797 |
|  |  |  |

RE:        RLI Ins. Co. v. Conseco, et al.

FROM:     Gary W. Berdeen, Esq.

**TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET   7**
Message:

### CONFIDENTIALITY NOTE

The documents accompanying this transmission contain information from the law firm of Morison-Knox Holden Melendez & Prough, LLP which may be confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

**IF YOU DID NOT RECEIVE ALL OF THE PAGES INDICATED ABOVE, PLEASE CALL US AS SOON AS POSSIBLE.  (804) 343-7200**

07M560

FILED

FEB - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT**

C

ALL-STATE LEGAL SUPPLY CO.

02/06/2007 17:12 FAX 8043430913          MHMP VA                    002/007

## MORISON-KNOX HOLDEN & PROUGH, LLP

600 EAST MAIN STREET
SUITE 2150
RICHMOND, VIRGINIA 23219

TELEPHONE: (804) 343-7200
FACSIMILE: (804) 343-0913
E-MAIL: mhp@morison-knox.com

CALIFORNIA OFFICE
600 YGNACIO VALLEY ROAD, SUITE 450
POST OFFICE BOX 5008
WALNUT CREEK, CALIFORNIA 94596-6068
TELEPHONE (925) 937-9990
FACSIMILE: (925) 937-3272

PENNSYLVANIA OFFICE
1800 MARKET STREET
12TH FLOOR, EAST TOWER
PHILADELPHIA, PENNSYLVANIA 19102
TELEPHONE: (215) 246-3430
FACSIMILE: (215) 569-0226

NEVADA OFFICE
IN AFFILIATION WITH
DEREWETZKY & ASSOCIATES. LLP
330 SOUTH THIRD STREET, SUITE 1010
LAS VEGAS, NEVADA 89101
TELEPHONE: (702) 366-0366
FACSIMILE: (702) 366-1166

MICHAEL D. STOKES
(1960-1996)

February 6, 2007

VIA FACSIMILE AND MAIL

Daniel P. Byron, Esq.
Bingham McHale, LLP
10 West Market Street
Indianapolis, Indiana 46204

William N. Riley, Esq.
Price Waicukauski Riley & Debrota
301 Massachusetts Ave
Indianapolis, IN 46204

Christopher J. Heck, Esq.
Foley & Lardner LLP
2029 Century Park East
Suite 3500
Los Angeles, CA 90067

      Re:   <u>RLI Insurance Company v. Conseco, Inc., et al.</u>, C.A. No. 1:04CV00310 LJM-
            WTL (S.D. Ind.)

Dear Counsel:

      Enclosed is a notice for the deposition of Robert N. Eccles.

                    Very truly yours,

                    Gary W. Berdeen

<u>Enclosure</u>

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

RLI INSURANCE COMPANY,      )
                                             )

            Plaintiff,          )

v.                                   )        CASE NO. 1:04-CV-310-LJM-WTL

CONSECO, INC., *et al.*,           )

            Defendants.     )

### RLI INSURANCE COMPANY'S NOTICE OF DEPOSITION OF ROBERT N. ECCLES

TO ALL PARTIES:

PLEASE TAKE NOTICE that RLI Insurance Company, through its attorneys, will take the oral deposition of Robert N. Eccles. The deposition will be held on February 12, 2007, at Esquire DC, 1020 19th St., N.W., 620A, Washington, DC 20036. The deposition will be taken before a Notary Public or some other person authorized by law to administer oaths, who will record the deposition by audiographic, stenographic, and/or videographic means. The deposition will start at 10:00 A.M. and will continue until completed.

You are invited to attend.


                        RLI Insurance Company

                        By:  Morison-Knox Holden & Prough, LLP

                        Gary W. Berdeen
                        Morison-Knox Holden & Prough, Llp
                        600 East Main Street, Suite 2150
                        Richmond, Virginia 23219

(804) 343-7200
(804) 343-0913 (facsimile)

William C. Morison
Michael D. Prough
Morison-Knox Holden & Prough, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, California 94596
(925) 937-9990
(925) 937-3272 (facsimile)

James W. Riley, Jr.
Riley Bennett & Egloff, LLP
141 East Washington Street, 4th Floor
Indianapolis, Indiana 46204
(317) 636-8000
(317) 636-8027 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2007 a copy of the foregoing was sent via mail to the

following:

Christopher J. Heck
Foley & Lardner LLP
2029 Century Park East
Suite 3500
Los Angeles, CA 90067

Daniel P. Byron
Bingham McHale, LLP
10 W. Market Street, Suite 2700
Indianapolis, IN 46204

William N. Riley
Robert D. Eaglesfield
Price Waicukauski Riley & Debrota
301 Massachusetts Ave
Indianapolis, IN 46204

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

RLI Insurance Company

V.

Conseco, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:04-CV-00310 LJM (S.D. Ind.)

TO:  Bob Eccles
     O'Melveny & Myers
     1625 Eye Street, NW, Washinton, DC 20006

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Esquire DC, 1020 19th St., NW. , 620A  Washington, DC 20036 | DATE AND TIME  2/12/2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Attorney for Plaintiff* | DATE  1/26/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Gary W. Berdeen, Morrison-Knox Holden & Prough, 600 E. Main St., Suite 2150 Richmond, VA, 23219
(804) 343-7200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

02/06/2007 17:14 FAX 8043430913          MHMP VA                    ☒ 007/007

# AFFIDAVIT OF PROCESS SERVER

### United States District Court                  District Of Columbia

RLI Insurance Company                          Attorney:

    Plaintiff                              Morison-Knox Holden & Prough
                                               Gary Berdeen
vs.                                            600 E. Main St., Suite 2150
                                               Richmond, VA. 23219
Conseco, Inc. et al,

    Defendant


Case Number: 1:04-CV-00310 LJM (S.D. Ind.)        Court Date:
                                                  Court Time:

Legal documents received by Same Day Process Service on February 01st, 2007 at 10:30 AM to be served upon Bob Eccles, O'Melveny & Myers at 1625 Eye St., NW, Washington, DC. 20006

I, Brandon A. Snesko, swear and affirm that on **February 01st, 2007 at 2:30 PM**, I did the following:

**Substitute** Served by leaving a conformed copy of this **Subpoena in a Civil Case** at the within named person's usual place of business, to a person in charge therein who is at least 18 years of age or older to wit: **Angela Green, Legal Secretary** and informing that person of the contents of the documents.

**Description of Person Accepting Service:**
Sex: Female   Age: 30   Height: 5'5   Weight: 160   Skin Color: Black   Hair Color: Black   Glasses: N

**Supplemental Data Appropriate to this Service:**


I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.



Brandon A. Snesko
Process Server

**Same Day Process Service**
**1322 Maryland Ave., NE**
**Washington, DC 20002**

**(202) 398-4200**

Internal Job ID: 0000002081


Copyright 2005-2006 Process Server Central, LLC. All rights reserved.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RLI INSURANCE COMPANY,            )
                                  )
            Plaintiff,            )
                                  )
v.                                )        CASE NO. 1:04-CV-310-LJM-WTL
                                  )
CONSECO, INC., CONSECO            )
SERVICES LLC, STEPHEN             )
HILBERT, ROLLIN M. DICK,          )
GARY C. WENDT, WILLIAM J.         )
SHEA, CHARLES B. CHOKEL,          )
RICHARD H. KREMER,                )
ELIZABETH C.                      )
GEORGAKOPOULOS, DAVID             )
K. HERZOG, THOMAS J. KILIAN,      )
DONALD F. GONGAWARE,              )
M. PHIL HATHAWAY, JOHN M.         )
MUTZ, ROBERT S. NICKOLOFF,        )
DENNIS E. MURRAY, SR., NGAIRE     )
E. CUNEO, JAMES D. MASSEY, and    )
DAVID V. HARKINS                  )
                                  )
            Defendants.           )

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff RLI Insurance Company ("RLI") makes its initial disclosures under Federal Rule

of Civil Procedure 26(a)(1).

RLI reserves the right to rely on any information or other evidence that may develop or

come to RLI's attention at a later time.  RLI has received no discovery to date.  This initial

disclosure is based on the limited information that Conseco, Inc. has provided to date.  RLI

reserves the right to amend or modify its responses under Federal Rule of Civil Procedure 26(e).

07 MS 60

FILED

FEB - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT

D

ALL-STATE LEGAL SUPPLY CO.

as RLI's investigation and discovery continue and new information on theories of recovery

become available to it.

## DEFINITIONS

1.      The "Russell action" means the action filed in the United States District

Court for the Southern District of Indiana, styled Roderick W. Russell v. Conseco, Inc., et al.,

No. 1:02-CV-1639 LJM.

2.      The "securities litigation" means the action filed in the United States

District Court for the Southern District of Indiana, styled In re Conseco, Inc. Securities

Litigation, No. IP00-C-00585-Y/S.

3.      The "securities coverage litigation" means the action filed in Indiana state court,

styled Conseco, Inc. et al. v. National Union Fire Ins. Co. of Pittsburgh, PA, et al., Case No.

49C01-0106-CP-001467 (Marion County).

4.      The "Release" means the Supplemental Agreement And Mutual Release signed

by certain defendants and RLI in or about October, 2002.  (Attached to RLI's complaint as

Exhibit A.)

A.      The name and, if known, the address and telephone number of each
individual likely to have discoverable information that the disclosing party
may use to support its claims or defenses, unless solely for impeachment,
identifying the subjects of the information.

At this time, RLI believes that the following individuals may have information that

requires their disclosure here.  RLI does not concede that the testimony of any of these

individuals is relevant or would lead to discovery of relevant or admissible evidence.

1.      J. Robert MacAneney, Esq.
Available through counsel
Subject:  The claims process

-2-

2.    David W. Clark, Esq.
      Available through counsel
      Subject: The claims process and the Release

3.    Brian J. Casey, Esq.
      Available through counsel
      Subject: The claims process and the Release

4.    Steve Wilson
      Available through counsel
      Subject: Underwriting

5.    John J. Rasmussen, Esq.
      Morison-Knox Holden& Prough, LLP
      600 East Main Street, Suit 2150
      Richmond, VA 23219
      (804) 343-7200
      Subject: The <u>Russell</u> action, the securities litigation, the coverage litigation, and
      the Release

6.    Robert N. Eccles, Esq.
      O'Melveny & Myers, LLP
      1625 Eye Street, N.W.
      Washington, D.C. 20006
      (202) 383-5300
      Subject: The <u>Russell</u> action

7.    Shannon M. Barrett, Esq.
      O'Melveny & Myers, LLP
      1625 Eye Street, N.W.
      Washington, D.C. 20006
      (202) 383-5300
      Subject: The <u>Russell</u> action

8.    Martha Dye, Esq.
      O'Melveny & Myers, LLP
      1625 Eye Street, N.W.
      Washington, D.C. 20006
      (202) 383-5300
      Subject: The <u>Russell</u> action

9.    Jeff S. Davidson, Esq.
      Kirkland & Ellis, LLP
      777 South Figueroa Street
      Suite 3700
      Los Angeles, CA 90017
      Subject: The Russell action

10.   Martin R. Boles, Esq.
      Kirkland & Ellis, LLP
      777 South Figueroa Street
      Suite 3700
      Los Angeles, CA 90017
      Subject: The Russell action

11.   Christopher J. Heck, Esq.
      Kirkland & Ellis, LLP
      777 South Figueroa Street
      Suite 3700
      Los Angeles, CA 90017
      Subject: The Russell action

12.   James Ransom, Esq.
      Kirkland & Ellis, LLP
      777 South Figueroa Street
      Suite 3700
      Los Angeles, CA 90017
      Subject: The Russell action

13.   Joseph M. Graham, Esq.
      Kirkland & Ellis, LLP
      777 South Figueroa Street
      Suite 3700
      Los Angeles, CA 90017
      Subject: The Russell action

-4-

14.    Tamara McKen, Esq.
       Kirkland & Ellis, LLP
       777 South Figueroa Street
       Suite 3700
       Los Angeles, CA 90017
       Subject: The <u>Russell</u> action

15.    Daniel P. Byron, Esq.
       Bingham McHale, LLP
       2700 Market Tower Building
       10 West Market Tower Building
       Indianapolis, IN 46202
       Subject: The <u>Russell</u> action

16.    Hamish S. Cohen, Esq.
       Barnes & Thornburg, LLP
       2700 Market Tower Building
       10 West Market Tower Building
       Indianapolis, IN 46202
       Subject: The <u>Russell</u> action

17.    Ronald J. Waicukauski, Esq.
       Price Waicukauski Riley & Debrota
       301 Massachusetts Ave
       Indianapolis, IN 46204
       Subject: The <u>Russell</u> action

18.    Henry J. Price, Esq.
       Price Waicukauski Riley & Debrota
       301 Massachusetts Ave
       Indianapolis, IN 46204
       Subject: The <u>Russell</u> action

19.    Carol A. Nemeth, Esq.
       Price Waicukauski Riley & Debrota
       301 Massachusetts Ave
       Indianapolis, IN 46204
       Subject: The <u>Russell</u> action

-5-

20. Audrey M. Bougard, Esq.
    Price Waicukauski Riley & Debrota
    301 Massachusetts Ave
    Indianapolis, IN 46204
    Subject: The <u>Russell</u> action

21. Lynn L. Sarko, Esq.
    Keller Rohrback, LLP
    1201 Third Ave
    Suite 3200
    Seattle, WA 98101-3200
    Subject: The <u>Russell</u> action

22. Elizabeth T. Leland, Esq.
    Keller Rohrback, LLP
    1201 Third Ave
    Suite 3200
    Seattle, WA 98101-3200
    Subject: The <u>Russell</u> action

23. Gary Gotto, Esq.
    Keller Rohrback, LLP
    1201 Third Ave
    Suite 3200
    Seattle, WA 98101-3200
    Subject: The <u>Russell</u> action

24. T. David Copley, Esq.
    Keller Rohrback, LLP
    1201 Third Ave
    Suite 3200
    Seattle, WA 98101-3200
    Subject: The <u>Russell</u> action

25. Jeffrey J. Stafford, Esq.
    Vice President and Associate General Counsel
    Conseco Services, LLC
    11815 N. Pennsylvania Street
    P.O. Box 1911
    Carmel, Indiana 46082
    Subject: The <u>Russell</u> action

-6-

26. David Herzog, Esq.
    Subject: The <u>Russell</u> action, the securities litigation, the coverage litigation, and
    the Release

27. Greg P. Joseph, Esq.
    Gregory P. Joseph Law Offices, LLC
    805 Third Ave, 31st Floor
    New York, NY 10022
    (212) 407-1200
    Subject: The securities litigation, the securities coverage litigation, and the
    Release

28. Peter Jerdee, Esq.
    Gregory P. Joseph Law Offices, LLC
    805 Third Ave, 31st Floor
    New York, NY 10022
    (212) 407-1200
    Subject: The securities litigation, the securities coverage litigation, and the
    Release

29. Michael Unger, Esq.
    Rider Bennett, LLP
    333 South Seventh Street
    Suite 2000
    Minneapolis, MN 55401
    (612) 340-8900
    Subject: The securities litigation, the securities coverage litigation, and the
    Release

30. Steven B. Hilbert
    Available through opposing counsel
    Subject: The Release

31. Rollin M. Dick
    Available through opposing counsel
    Subject: The Release

32. David R. Decatur
    Available through opposing counsel
    Subject: The Release

-7-

33.    Donald F. Gongaware
       Available through opposing counsel
       Subject:  The Release

34.    Ngaire E. Cuneo
       Available through opposing counsel
       Subject:  The Release

35.    Lawrence M. Coss
       Available through opposing counsel
       Subject:  The Release

36.    M. Phil Hathaway
       Available through opposing counsel
       Subject: The Release

37.    James D. Massey
       Available through opposing counsel
       Subject:  The Release

38.    John M. Mutz
       Available through opposing counsel
       Subject:  The Release

39.    Robert S. Nickoloff
       Available through opposing counsel
       Subject:  The Release

40.    Dennis E. Murray, Sr.
       Available through opposing counsel
       Subject:  The Release

41.    David V. Harkins
       Available through opposing counsel
       Subject:  The Release

42.    Thomas J. Kilian
       Available through opposing counsel
       Subject:  The Release

43.    Bruce A. Crittenden
       Available through opposing counsel
       Subject:  The Release

-8-

44.   James S. Adams
      Available through opposing counsel
      Subject:  The Release

45.   Defendants
      Available through opposing counsel
      Subject:  The Release

B.    A copy of, or description by category and location of, all documents, data
      compilations, and tangible things that are in the possession, custody, or
      control of the party and that the disclosing party may use to support its
      <u>claims or defenses, unless solely for impeachment.</u>

By identifying categories of documents, RLI does not waive, but instead expressly

continues to preserve, any and all protections or privileges that might apply to some or all of the

documents within the categories identified, including: (1) all objections relating to the

confidentiality, privilege, relevance, materiality, and admissibility of all documents identified

herein; (2) the right to object to the use of any produced document, in whole or in part, or to the

subject matter covered thereby at any later stage or proceeding in this litigation; and (3) the right

to object on any and all grounds, at any time, to the discovery procedures relating to the subject

matter of the documents identified herein.

RLI hereby discloses the following categories of documents.

1.    The relevant RLI insurance contract.

2.    The relevant, non-privileged documents from RLI's <u>Russell</u> claim file.

3.    The relevant, non-privileged documents from RLI's underwriting file for the RLI

      contract at issue.

4.    The Release.

5.    Pleadings and court papers in the securities litigation.

-9-

6.    Pleadings and court papers in the <u>Russell</u> action.

7.    Pleadings and court papers in the coverage litigation.

C.    <u>A computation of any category of damages claimed by the disclosing party.</u>

RLI has paid approximately $200,000 in defense fees for which it seeks reimbursement.

D.    <u>Insurance agreements.</u>

Not applicable.


Dated: March 30, 2006

MORISON-KNOX HOLDEN & PROUGH

_____
John J. Rasmussen
MORISON-KNOX HOLDEN
& PROUGH, LLP
600 East Main Street, Suite 2150
Richmond, Virginia 23219
(804) 377-0136
(804) 377-0122 Fax

Attorneys for Plaintiff,
RLI Insurance Company

William C. Morison-Knox
MORISON-KNOX HOLDEN
& PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, California 94596
(925) 937-9990
(925) 937-3272 Fax


-10-

James W. Riley, Jr.
No. 6073-49
Kevin N. Tharp
No. 22548-53
RILEY BENNETT & EGLOFF, LLP
Fourth Floor
141 East Washington Street
Indianapolis, Indiana 46204
(317) 636-8000
(317) 636-8027 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2006, a copy of the foregoing has been sent via First Class

U.S. Mail to:

Christopher J. Heck
Kirkland & Ellis, LLP
777 South Figueroa Street, Suite 3700
Los Angeles, CA 90017

Daniel P. Byron
Bingham McHale, LLP
10 W. Market Street, Suite 2700
Indianapolis, IN 46204

Carol A. Nemeth
Price Waicukauski Riley & Debrota
301 Massachusetts Ave
Indianapolis, IN 46204

Malcom J. Tuesley
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave NW
Washington, DC 20005

_____
John J. Rasmussen

-12-

## CERTIFICATE OF SERVICE

I, Michael J. Harwin, an attorney, do hereby certify that on Thursday, February 8, 2007, I

caused a true and correct copy of CONSECO INC.'S MOTION TO QUASH SUBPOENA,

MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA, AND

DECLARATION OF MICHAEL S. SHAPIRO IN SUPPORT OF MOTION TO QUASH

SUBPOENA to be served by facsimile and U.S. mail, first class, postage prepaid at 3000 K

Street, N.W., Suite 500, Washington D.C. 20007 on the following attorneys:

James W. Riley, Jr.
Kevin N. Tharp
Riley Bennett & Egloff, LLP
141 E. Washington, Fourth Floor
Indianapolis, IN 46204
Fax: 317.636.8027

Daniel P. Byron
Philip J. Fowler
Bingham McHale, LLP
10 W. Market Street, Suite 2700
Indianapolis, IN 46204
Fax: 317.236.9907

Steven K. Huffer
Scott A. Weathers
Huffer & Weathers, P.C.
151 North Delaware Street, Suite 1850
Indianapolis, IN 46204
Fax: 317.822.8088

William N. Riley
Jamie R. Kendall
Price Waicukauski Riley & Debrota, LLC
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Fax: 317.633.8797

Gary W. Berdeen
Morison-Knox Holden Melendez & Prough,
  LLP
600 E. Main Street, Suite 2150
Richmond, VA 23219
Fax: 804.343.4013

Michael D. Prough
Morison-Knox Holden Melendez & Prough,
  LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596
Fax: 925.937.3272

Robert M. Stern
O'Melveny & Myers LLP
Office 1625 Eye Street, NW
Washington, DC 20006
Fax: 202.383.5414

Michael J. Harwin